Leon Greenberg, NSB 8094
Dana Sniegocki, NSB 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard, Ste. E-4
Las Vegas, Nevada 89146
Tel (702)383-6085
Fax (702)385-1827

Christian Gabroy, NSB 8805
Gabroy Law Offices
The District at Green Valley Ranch
170 S. Green Valley Pkwy, Ste 280
Henderson, NV 89012
Tel (702)259-7777
Fax (702)259-7704

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GREG LANDERS, Individually and on behalf of a class of all similarly situated persons, | ) ) ) | Case No.: |
| | ) | **COMPLAINT** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| QUALITY COMMUNICATIONS, INC., BRADY E. WELLS, and ROBERT J. HUBER, | ) ) ) ) | |
| Defendants. | ) ) | |

The Plaintiff, GREG LANDERS, by his attorneys, Leon Greenberg Professional Corporation and Gabroy Law Offices, as and for a Complaint against the defendants, states and alleges, as follows:

1

1

2                 JURISDICTION, PARTIES AND PRELIMINARY STATEMENT

3          1. This Court has original federal question jurisdiction

4     over the claims presented in the First Claim for Relief herein

5     pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29

6     USC Sections 201-219, known as the Fair Labor Standards Act ("the

7     FLSA" or "the Act"), a law of the United States regulating

8     interstate commerce, and specifically under the provisions of

9     Section 16 of said act, as amended (29 U.S.C. § 216(b)).

10         2.   The plaintiff, GREG LANDERS (the "plaintiff" or "named

11    plaintiff") is a resident of Clark County and the State of Nevada

12    and a former employee of the defendants.

13         3.   The defendant, QUALITY COMMUNICATIONS, INC. (the

14    "corporate defendant"), is a corporation formed and existing

15    pursuant to the Laws of the State of Nevada or another

16    jurisdiction and has its principal place of business in Clark

17    County Nevada or its main place of business in the State of

18    Nevada in Clark County Nevada.

19         4.   The defendants, BRADY E. WELLS and ROBERT J. HUBER,

20    (the "individual defendants") are the owners, manager, officers,

21    directors and/or controlling agents of the corporate defendant

22    and, as detailed herein, have acted as "employers or agents of an

23    employer" of the plaintiff and the putative FLSA collective

24    action members within the meaning of the FLSA and are as a result

25    fully liable for all claims made herein.

26         5.   The defendants engage in a for-profit business which has

27    gross revenue in excess of $500,000 per annum and are engaged in

28    the production of goods for interstate commerce and/or the use

and/or handling of goods which have moved in interstate commerce as such terms are defined in the FLSA and are employers subject to the jurisdiction of the FLSA.

6.   The plaintiff has been an employee of the defendants jointly for the purposes of the FLSA during the time period pertinent to this complaint, to wit, during a portion of the three years immediately preceding the initiation of this action. The plaintiff has performed labor and services in various occupations that are subject to the aforesaid provisions of the FLSA.  These occupations include, but are not limited to, labor in defendants' cable television, phone, and internet service installation business.

7.   That all of the various violations of law that are alleged herein were committed intentionally and/or willfully by the defendants.

COLLECTIVE ACTION ALLEGATIONS

8.   Pursuant to Section 16(b) of the FLSA, the individual plaintiff brings this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of himself and all persons similarly situated, to wit, a putative class of cable telephone, television, and internet service installation technicians employed by the defendants in the State of Nevada and/or the United States within three (3) years of the filing of this Complaint until entry of judgment after trial.

9.   Plaintiff is informed and believes, and based thereon alleges that there are at least 50 putative collective action members.  The actual number of collective action members is readily ascertainable by a review of the defendants' records

3

through appropriate discovery.

10.  The number of class members is so numerous that joinder is impracticable and would involve many individual litigations. Disposition of these claims in a collective action rather than in individual actions will benefit the parties and the Court.

11. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

12. Proof of a common or single set of facts will establish the right of each member of the class to recover.  These common questions of law and fact predominate over questions that affect only individual class members.  The individual plaintiff's claims are typical of those of the class.

13.  A collective action is superior to other available methods for the fair and efficient adjudication of the controversy.  Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action.  This type of case is uniquely well-suited for class or collective treatment since the employers' practices were uniform and the burden is on the employer to establish that its method for compensating the class members complies with the requirements of the FLSA.

14.  The individual plaintiff will fairly and adequately represent the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class.

15.  The individual plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

4

16.   There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

FACTUAL ALLEGATIONS UNDERLYING THE CLAIMS

17.   The corporate defendant is in the business of providing electrical contracting services to the cable television industry, *e.g.,* installing, constructing, maintaining, modifying, various electrical installations, including, if they are so engaged to do so, those involving cable television service, computer internet (DSL) service and telephone service, the corporate defendant also employing the plaintiff and the putative FLSA collective action members in connection with its providing of such services to its customers, such persons employed by the defendants typically being called "cable service installers" or "cable service technicians."

18.   The individual defendants are directors, owners, officers and active managers of the corporate defendant and have complete control over the corporate defendant and have the authority and duty to make the corporate defendant's policies comply with the FLSA and have acted as employers for the purposes of the FLSA violations alleged herein in that such individual defendants have acted as agents of an employer knowing of the policies of the corporate defendant alleged herein that have violated the FLSA and/or by ordering, creating, implementing,

enforcing, and/or otherwise allowing and directing such policies

continue despite having the authority to prevent such policies

which violated the FLSA from taking place and despite actual or

constructive knowledge that such policies were violating the FLSA

and/or by failing to act to prevent or remedy such policies

violating the FLSA in a wanton and willful disregard of the

FLSA's requirements which the individual defendants were charged

with knowing and complying with as a matter of law.

19.  The compensation system used by the defendants for the

plaintiff and those similarly situated was a *de facto* "piecework

no overtime" system, meaning such employees were being paid a

certain amount for each "piece" of work they performed pursuant

to a schedule, the plaintiffs not being paid time and one-half

their "regular hourly rate" for work in excess of 40 hours a week

as required by the FLSA and Nevada law based upon the hours they

actually worked each week and the total basic "piece rate" they

were paid, such *de facto* compensation system existing even though

defendants would produce certain false and misleading payroll

records indicating that either proper overtime or some measure of

overtime was being paid to the plaintiff and those similarly

situated when, in fact, no such overtime was being paid

whatsoever, or, alternatively, defendants utilized a compensation

system that did pay some measure of overtime wages upon a

designated hourly rate but failed to pay any overtime wages on

the additional and substantial portion of the earnings of the

plaintiff and those similarly situated that were paid by the

defendants solely on a piece rate basis.

20. Alternatively, if defendants did not engage in a

"piecework no overtime" pay scheme, and paid the plaintiff and those similarly situated to the plaintiff a facially proper overtime wage demonstrated on their payroll records as time and one-half their regular hourly rate including all piecework earnings, the defendants failed to pay such persons for all overtime hours that they worked, the defendants furthering such scheme by requiring the plaintiff and those similarly situated to the plaintiff to record or otherwise certify that they were not working during periods of time that the defendants required and commanded them to work and when the defendants had actual knowledge they were so working.

21.   Defendants, in furtherance of their scheme to deny the plaintiff and those similarly situated proper overtime pay as required by the FLSA would falsely list certain "overtime hours" and "regular hours" and "overtime compensation" on the plaintiff's and the putative class member's pay stubs, such listings being inaccurate in terms of hours actually worked and not reflecting any attempt to pay time and one-half the employees' true "regular rate" as required by the FLSA such purported "overtime" payments being based upon completely fictitious and knowingly false "regular rates" and "hours worked" that were concocted by the defendants.

22.   Defendants' violations of the FLSA were willful in that defendants were aware the method they were purporting to pay overtime under was illegal and violated the FLSA; such violations were also willful because defendants were aware their "piecework no overtime" pay scheme and/or their scheme to not record the true hours worked by their employees and pay proper overtime for

7

1  all such hours of work had been the subject of prior lawsuits by

2  private parties alleging such schemes violated the FLSA and prior

3  investigations and settlements supervised by the United States

4  Department of Labor based upon such compensation systems'

5  violation of the FLSA; defendants also evidenced their willful

6  violation of the FLSA by concocting a false payroll record as to

7  overtime pay and hours worked that had no relationship to the

8  overtime hours actually worked or the actual payment of overtime,

9  such false record being manufactured by the defendants in an

10  attempt to conceal their knowing and willful violations of the

11  FLSA.

12
                  AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE
          FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS ON BEHALF OF
13            THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

14      23.  The named plaintiff brings this First Claim for Relief

15  pursuant to 29 U.S.C. § 216(b) against all defendants on behalf

16  of himself and all other similarly situated persons, if any, who

17  consent in writing to join this action.

18      24.    Pursuant to the applicable provisions of the FLSA, 29

19  U.S.C. § 206 and § 207, the named plaintiff and those similarly

20  situated were entitled to a minimum wage and an overtime hourly

21  wage of time and one-half their regular hourly wage for all hours

22  worked in excess of forty hours per week, the named plaintiff and

23  those similarly situated worked more than 40 hours per week for

24  the defendants, and the defendants willfully failed to make said

25  overtime and/or minimum wage payments.

26      25.  The named plaintiff on behalf of himself and all other

27  similarly situated persons who consent in writing to join this

28  action, seeks, on this First Claim for Relief, a judgment against

1  all defendants for unpaid overtime wages and/or unpaid minimum

2  wages, and additional liquidated damages of 100% of any unpaid

3  minimum wages and/or overtime wages, such sums to be determined

4  based upon an accounting of the hours worked by, and wages

5  actually paid to the named plaintiff and any such other persons

6  who consent to join this action, and the plaintiff also seeks an

7  award of attorney's fees, interest and costs as provided for by

8  the FLSA.

9

10    Wherefore, the plaintiff demands a judgment on all claims for

11  relief as alleged aforesaid.

12        Plaintiff demands a trial by jury on all issues so triable.

13

14  Dated: Clark County, Nevada
            December 1, 2011

15

16                            Yours, etc.,

17                            */s/ Leon Greenberg*

18                            _____
                              Leon Greenberg, Esq.
19                            LEON GREENBERG PROFESSIONAL CORPORATION
                              Attorney for the Plaintiff
                              2965 South Jones Boulevard - Suite E4
20                            Las Vegas, Nevada 89146
                              (703) 383-6085
21                            Nevada Bar Number: 8094

22

23

24

25

26

27

28

CONSENT TO JOINDER

Greg Landers by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

_____
Greg Landers