# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREG LANDERS,

      Plaintiff,

v.

QUALITY COMMUNICATIONS, INC., et al.,

      Defendants.

2:11-CV-1928 JCM (RJJ)

## ORDER

Presently before the court is defendants Quality Communications, Inc., et. al.'s motion to dismiss or, alternatively, for summary judgment. (Doc. #7). Plaintiff Greg Landers filed an opposition. (Doc. #12). Defendants then filed a reply. (Doc. #16).

The complaint asserts a Federal Fair Labor Standards Act ("FLSA") claim, alleging that defendants willfully failed to make overtime and/or minimum wage payments. (Doc. #1). Defendants' motion to dismiss argues that the complaint does not allege specific facts showing that plaintiff has a plausible claim. (Doc. #7).

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

**James C. Mahan**
**U.S. District Judge**

1    The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

The instant complaint, plaintiff asserts that plaintiff was not paid time and one-half his hourly rate for work he performed in excess of 40 hours a week. Further, plaintiff asserts that defendants produced false and misleading payroll records.

These general allegations are "merely consistent" with defendants' liability. *Iqbal*, 129 S.Ct. at 1949. Accordingly, plaintiff has stopped "short of the line between possibility and plausibility of entitlement to relief." *Id.* The complaint does not make any factual allegations providing an approximation of the overtime hours worked, plaintiff's hourly wage, or the amount of unpaid overtime wages. *See Lagos v. Monster Painting, Inc.*, 2011 WL 6887116, at *2 (D. Nev. Dec. 29, 2011) (stating that a complaint devoid of factual allegations including an approximation of the overtime hours worked, the regular hourly or weekly wage, or the amount of unpaid wages is insufficient to state a plausible claim for relief under the FLSA). Therefore, the complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949.

Accordingly,

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Quality Communications, Inc., et. al.'s motion to dismiss (doc. #7) be, and the same hereby is, GRANTED.

DATED April 6, 2012.

_____
UNITED STATES DISTRICT JUDGE